# United States Court of Appeals for the Fifth Circuit

_____

No. 26-30178
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
August 10, 2026

Lyle W. Cayce
Clerk

Albert Knight,

*Plaintiff—Appellant*,

*versus*

Methanex USA, L.L.C.; Methanex Louisiana, L.L.C.,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:23-CV-469

_____

Before Davis, Stewart, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant Albert Knight brought this suit after his hand was crushed while he worked to install a "check valve" at a methanol plant. The district court held that Knight's suit was barred by the Louisiana Workers' Compensation Act (LWCA). We AFFIRM.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 26-30178

Knight was employed by Turner Industries Group, LLC. Turner and Defendants-Appellees, Methanex USA LLC and Methanex Louisiana LLC (collectively, "Methanex"), contracted for Turner to perform a "maintenance turnaround" of Methanex's methanol plant in Geismar, Louisiana. Knight was part of a crew assigned to install a 2,500-pound "check valve" at the plant. To perform the installation six feet above the ground, Knight ascended a scaffold. As a crane lowered the valve into place from above, it slipped and crushed Knight's hand.

Knight sued Methanex under intentional tort and negligence theories.[1] He alleged Methanex failed to provide scaffolding large enough for him to evade the slipping valve. The district court dismissed the intentional tort claim pursuant to Rule 12(b)(6) because Knight failed to plausibly allege Methanex intended Knight's injuries. It then granted summary judgment on the negligence claim, finding Methanex was Knight's statutory employer such that the LWCA provided Knight's exclusive remedy. Knight timely appealed, challenging both decisions. Our review is de novo.[2]

## I. Intentional Act Exception

The LWCA usually provides the exclusive remedy for employees injured in the course and scope of their employment.[3] But the statute does not bar suit where an employer's "intentional act" causes the injury.[4] An act is intentional if the employer desires the result or "knows that the result is *substantially certain to follow* from his conduct, whatever his desire may be as

---

[1] Knight also sued Turner, but the district court dismissed Turner as improperly joined in a decision Knight does not challenge on appeal.

[2] *See Amin v. United Parcel Serv.*, 66 F.4th 568, 572 (5th Cir. 2023).

[3] La. Stat. § 23:1032(A)(1)(a).

[4] *Id.* § 23:1032(B).

2

to that result."[5] The Louisiana Supreme Court has explained that an employer's mere knowledge of a "reasonable" or even a "high probability" that injury will occur is insufficient to meet the "substantially certain" standard.[6] Rather, the employer must be aware that injury is "inevitable" or "incapable of failing."[7]

Under this standard, Louisiana courts have held that "employers are not liable under the intentional act exception for violations of safety standards or for failing to provide safety equipment."[8] For example, the Louisiana Supreme Court held the exception was not met in *Reeves v. Structural Preservation Systems*, where a supervisor directed the plaintiff to move a heavy piece of equipment manually.[9] The supervisor admitted he feared someone would be injured, and OSHA required the equipment to bear a sticker warning against manual movement.[10] Nevertheless, the Court found it was not "inevitable" that injury would occur, especially since the equipment had previously been manually moved without incident.[11]

To establish the intentional-act exception, a plaintiff must present some "additional" facts bearing on the employer's knowledge of the danger beyond mere safety violations.[12] For example, one plaintiff succeeded where

---

[5] *Bazley v. Tortorich*, 397 So. 2d 475, 481 (La. 1981) (emphasis added).

[6] *Reeves v. Structural Pres. Sys.*, 98-1795 (La. 3/12/99), 731 So. 2d 208, 213 (internal quotation marks omitted).

[7] *Id.* (internal quotation marks omitted).

[8] *Id.* at 211–12 (collecting cases).

[9] *Id.* at 213.

[10] *Id.* at 209, 213.

[11] *Id.* at 213.

[12] *See Robinson v. N. Am. Salt Co.*, 2002-1869 (La. App. 1 Cir. 6/27/03), 865 So. 2d 98, 106–08 ("[V]iolations of safety standards or even OSHA regulations alone do not make

a prior identical accident had occurred involving the same machinery.[13] In another case, the plaintiff's injury was substantially certain where he was directed to enter a ditch that had caved in the previous day and was visibly in danger of collapsing again.[14] And in a third case, the plaintiff prevailed where he was asked to perform a dangerous mechanical task that had never been attempted before, despite multiple employees having voiced safety concerns to management.[15]

Here, Knight fails to plead plausibly that Methanex knew an injury like his was substantially certain to occur. He alleges in a conclusory manner that Methanex provided undersized scaffolding despite knowing that workers would need room to evade shifting equipment lowered by cranes. But this is exactly the type of alleged safety violation found inadequate to meet the intentional-act exception in *Reeves*.[16] Knight alleges no facts resembling those courts have found sufficient to establish the exception: prior accidents, past worker complaints, or even an absence of prior successful attempts to perform the job. On appeal, he argues that evidence of this type is in the exclusive custody of Methanex, so his suit should have been preserved on the *possibility* that he might later discover the factual support necessary for his claim. But our well-settled federal pleading requirements do not countenance

---

an employer liable under the intentional act exception. More is required in order to establish that an accident is substantially certain to occur.").

[13] *Rhine v. Bayou Pipe Coating*, 2011-724 (La. App. 3 Cir. 11/2/11), 79 So. 3d 430, 436.

[14] *Wainwright v. Moreno's, Inc.*, 602 So. 2d 734, 739 (La. Ct. App. 1992).

[15] *Robinson*, 865 So. 2d at 106–08.

[16] 731 So. 2d at 212.

No. 26-30178

this argument.[17] Overall, the district court properly dismissed Knight's intentional tort claim.

## II. Statutory Employer

The district court then granted summary judgment on Knight's remaining negligence claim. It held that Methanex was Knight's "statutory employer" and thus entitled to immunity under the exclusive-remedy provision of the LWCA.[18]

As the court explained, a "principal" may be a statutory employer for LWCA purposes where it contracts with the injured worker's direct employer for work that is "an integral part of or essential to the ability of the principal to generate that individual principal's goods products, or services."[19] When a valid written contract recognizes the existence of a statutory employer relationship, "there shall be a rebuttable presumption of a statutory employer relationship between the principal and the contractor's employees."[20] Here, the district court found Methanex was Knight's statutory employer because (1) the maintenance turnaround work Turner was performing under its contract with Methanex was "an integral part of or essential to" Methanex's business[21] and (2) the parties' contract expressly provided that Methanex was the statutory employer of Turner's workers.

---

[17] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

[18] *See Barrios v. Engine & Gas Compressor Servs.*, 669 F.2d 350, 354 (5th Cir. 1982).

[19] La. Stat. Ann. § 23:1061(A)(1).

[20] *Id.* § 23:1061(A)(3).

[21] *See Harris v. Murphy Oil, U.S.A., Inc.*, 980 F.2d 991, 993 (5th Cir. 1992) (holding maintenance turnaround work of an oil refinery was integral to the refinery's business).

No. 26-30178

Knight fails to meaningfully challenge this holding on appeal. He repeats the argument he made to the district court: that he should have been allowed more time to discover evidence potentially relevant to Methanex's statutory employer defense. But Knight again fails to identify what relevant evidence he is missing. His argument is thus unavailing, especially considering the district court's correct observation that the requirements of the statutory employment doctrine are clear from the face of the parties' contract and our case law.

AFFIRMED.